[640 NYS2d 790]

In the Matter of SANFORD POLLACK (Admitted as SANFORD E. POLLACK), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 1996

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset, for petitioner.
*Sanford Pollack,* Baldwin, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Sanford Pollack has submitted an affidavit dated December

27, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Pollack concedes in his affidavit that he is the subject of a pending disciplinary proceeding in which he is charged with professional misconduct emanating from his conviction in the United States District Court for the Eastern District of New York of conspiracy to embezzle funds in violation of 18 USC § 371. The respondent was sentenced to a 12-month term of incarceration, two years' supervised release thereafter, a fine with special assessment in the amount of $20,721, and was ordered to make restitution in the amount of $95,000. Mr. Pollack acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which have been or will be initiated against him by the Grievance Committee based upon the facts and circumstances of his professional misconduct arising from the aforesaid conviction.

Mr. Pollack further avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. Moreover, he is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Pollack acknowledges that, pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied and who have not previously received restitution or to reimburse the Lawyers' Fund for Client Protection of the State of New York for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f), to be heard in opposition thereto.

Under the circumstances, the resignation of Sanford Pollack as a member of the Bar is accepted and directed to be filed. Accordingly, Sanford Pollack is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BALLETTA, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the resignation of Sanford Pollack is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sanford Pollack is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Sanford Pollack shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sanford Pollack is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent is required to make restitution and/or reimburse the Lawyers' Fund for Client Protection of the State of New York for awards made and to be made to the persons whose money or property was willfully misappropriated or misapplied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), an order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.